■ In the Matter of JAMES L. DILLARD, Petitioner, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent.— Proceeding pursuant to article 78 of the CPLR to review respondent's determination dated May 17, 1971, adhering to a prior determination dismissing petitioner from his position of Transit Patrolman as of February 21, 1969. Determination of May 17, 1971 confirmed and petition dismissed on the merits, without costs. Petitioner received a permanent appointment as a Transit Patrolman on August 21, 1950. On or about November 15, 1966 he was found to be suffering from "hypertension, hypertensive heart disease and anxiety", and was thereafter categorized as being able to do restricted work only. He was temporarily assigned to a "home-post" position where he, along with other able-bodied transit patrolmen, not on restricted duty, performed clerical work and answered telephones. On January 8, 1968 the entire section to which petitioner was assigned was

returned to active duty and the "home-post" positions were filled by civilian personnel. Since petitioner was unable to occupy an active patrolman's post, he was, upon his refusal to co-operate with the respondent Authority, involuntarily put on sick leave; and the Authority filed the necessary papers to effect his retirement. At the end of his sick time, pending action by the New York City Retirement System, he was dismissed from his position. He instituted a prior proceeding pursuant to article 78 of the CPLR in the Supreme Court, Kings County, to review the dismissal, which proceeding resulted in a judgment entered November 7, 1969, confirming the Authority's findings and dismissing the petition. On June 22, 1970 we reversed the judgment and remanded the matter to the Authority for further proceedings to determine certain questions indicated in our order of reversal (*Matter of Dillard* v. *New York City Tr. Auth.,* 34 A D 2d 995). The instant proceeding was brought to review the Authority's determination on a rehearing, adhering to its above-mentioned prior decision dismissing petitioner. We are now satisfied that petitioner is not the target of invidious discrimination and that he was not singled out from amongst his coworkers to be dismissed without cause. His retirement was effected through normal procedures of the Authority which were in effect prior to his dismissal and which apply to the entire class of transit patrolmen. His dismissal was the direct result of his malady and his consequent inability to perform the duties of one in his position. We expect that he shall receive all benefits under the New York City Retirement System to which he is entitled. The Authority's decision was not arbitrary and capricious and was based upon substantial evidence. It ought not be disturbed. Rabin, P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.